1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11  DALE WILLIAM LOCHMILLER,        ) NO. ED CV 15-61-AG(E)
                                    )
12           Petitioner,            )
                                    )
13       v.                         ) ORDER OF DISMISSAL
                                    )
14  DANIEL PARAMO, etc., et al.,    )
                                    )
15           Respondents.           )
    _____)
16
17
18       Petitioner, a state prisoner, filed a "Petition for Writ of
19  Habeas Corpus" on January 12, 2015.  The Petition challenges
20  Petitioner's 1991 state court conviction for the premeditated
21  attempted murder of Larry James Rosson.  Petitioner previously
22  challenged this same conviction in a prior habeas corpus petition
23  filed in this Court.  See Lockmiller v. Tilton, ED CV 06-932-JSL(E).
24  On January 31, 2007, this Court entered Judgment in Lockmiller v.
25  Tilton, ED CV 06-932-JSL(E), denying and dismissing the prior petition
26  with prejudice as untimely.
27  ///
28  ///

1    The Court must dismiss the present Petition in accordance with
2 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
3 Effective Death Penalty Act of 1996").  Section 2244(b) requires that
4 a petitioner seeking to file a "second or successive" habeas petition
5 first obtain authorization from the Court of Appeals.  See Burton v.
6 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
7 authorization from Court of Appeals before filing second or successive
8 petition, "the District Court was without jurisdiction to entertain
9 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
10 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
11 requires the permission of the court of appeals before 'a second or
12 successive habeas application under § 2254' may be commenced").  A
13 petition need not be repetitive to be "second or successive," within
14 the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v.
15 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
16 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
17 Mar. 6, 2008).  The dismissal of a habeas petition as untimely
18 "constitutes an adjudication on the merits that renders future
19 petitions under § 2254 challenging the same conviction 'second or
20 successive' petitions under § 2244(b)."  McNabb v. Yates, 576 F.3d
21 1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet obtained
22 authorization from the Ninth Circuit Court of Appeals.[1]  Consequently,
23 this Court cannot entertain the present Petition.  See Burton v.

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov does not reflect that anyone named Dale William Lochmiller has received authorization to file a second or successive petition.  See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

<u>Stewart</u>, 549 U.S. at 157; <u>see also</u> <u>Remsen v. Att'y Gen. of Calif.</u>, 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 15, 2015.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

PRESENTED this 13th day of January, 2015, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE